FILED
2023 Apr-03  AM 11:30
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**

FOR THE

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

FILED
2023 APR -3  A 9: 19
U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| ADAM TAYLOR | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| VS. | ) | CASE NO: _2:23cv 417- NAD_ |
| | ) | |
| JEFFERSON COUNTY DISTRICT COURT, | ) | |
| DEFENDANT, | ) | |
| | ) | |

## COMPLAINT FOR VIOLATION OF AMERICANS WITH DISABILITIES ACT

## AND CONSTITUTIONAL RIGHTS

INTRODUCTION

1. Plaintiff Adam Taylor brings this action against Defendant Jefferson County District
   Court for violation of his rights under the Americans with Disabilities Act ("ADA"), 42
   U.S.C. § 12101 et seq., and his constitutional rights under the Fifth and Fourteenth
   Amendments to the United States Constitution.

2. Plaintiff is a resident of Alabama and is currently facing eviction proceedings in Jefferson County District Court. Plaintiff also has a medical condition that requires immediate treatment out of state, which would be jeopardized by eviction.

FACTUAL ALLEGATIONS

3. Plaintiff's rent is $1,213 per month. The latest ledger with the last line item and balance being $4,650.83 is dated 05/26/22 (Exhibit G). Plaintiff received two demand letters, one in July (Exhibit B) and one in August (Exhibit C). Both demand letters have a balance that is off by $1,150, and the next month, the difference is even larger at $1,425 (Exhibit A).

4. When calculated based on the latest ledger, the notice for eviction is over by $1,261.90. Plaintiff started the month with a positive balance of $971.98 and should have had a $328.02 balance owed on 11/01/22, thus the eviction notice (Exhibit D) is invalid, as is the eviction.

5. Plaintiff included emails from the previous eviction proceeding in which the Judge's assistant sent out an email (Exhibit E) stating that a check should be going out from Birmingham Urban League, and Plaintiff's balance would be paid in full, even though the plaintiff's attorney noted this in the judge's order (Exhibit F).

6. When applying for assistance, Plaintiff was expecting 3 months of rent ahead to be paid, but it took time for the Emergency Rental Assistance (ERA) application to process, and possibly this is why. However, Plaintiff did not expect to need to pay rent the next day, which they did, paying $1,076.61 (Exhibit M).

7. Plaintiff received an eviction notice from his landlord (Exhibit D), but the notice did not include the correct amount owed, as required by Alabama law (Alabama Code Section 35-9A-421). This law requires that a tenant be given proper written notice of termination and the opportunity to remedy any default before an eviction action can be filed.

8. On several occasions, Plaintiff requested access to his ledger and the records of his landlord to determine the amount owed and the validity of the eviction notice. The assistant manager of the property management company denied Plaintiff's request to view the ledger, stating that the records only go back to the date the new ownership took over.

9. Plaintiff filed a motion titled "MOTION TO SET ASIDE DEFAULT JUDGMENT, COMPEL PRODUCTION OF DOCUMENTS, ADA REQUEST IN DV-2022-908297" (Exhibit I). The motion requested that the court set aside the default judgment entered against the Plaintiff and compel the production of documents, including the ledger, to determine the amount owed.

10. Despite the motion, the judge denied Plaintiff's request to set aside the default judgment and compel the production of documents (Exhibit J). The court did not provide a clear explanation for the denial, leaving the Plaintiff unsure about the basis for the denial and unable to determine the appropriate next steps to protect their rights.

11. Plaintiff filed a Motion for Clarification (Exhibit K).

12. Despite the request for clarification, the judge did not address plaintiff's ADA request, nor his request to compel the production of documents, in the order in response to the Motion for Clarification.

13. Plaintiff believes that the eviction notice may be invalid under Alabama law, but has not been afforded the opportunity to review the records to determine the amount owed and the validity of the notice.

14. Plaintiff also believes that he has been denied due process when he first filed the case and the clerks did not want to attach him to the case and instead gave him the tech support number. He had to tell the judge while in court about this to have it resolved.

15. Plaintiff also believes that he has been denied due process as he was not provided access to notifications that went out regarding the case before that point.

16. Plaintiff also believes that he has been denied due process when the judge allowed the eviction proceeding to proceed without Plaintiff being afforded the opportunity to view the ledger and records.

17. Plaintiff is also concerned that the sheriff's final eviction notice constitutes a warrant, which would hold even a higher bar and violates his rights under the 14th Amendment.

CLAIMS FOR RELIEF

Count I: Violation of the Americans with Disabilities Act (ADA)

18. Plaintiff incorporates by reference paragraphs 1 through 15.

19. Title II of the Americans with Disabilities Act (ADA) prohibits public entities, including courts, from discriminating against individuals with disabilities. 42 U.S.C. § 12132 states, "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

20. Plaintiff's request for reasonable accommodation due to his medical emergency was denied without any interactive process or explanation. The court's failure to provide an appropriate accommodation for Plaintiff's disability constitutes a violation of the ADA.

Count II: Violation of Due Process under the Fifth and Fourteenth Amendments

21. Plaintiff incorporates by reference paragraphs 1 through 15.

22. The Fifth Amendment to the United States Constitution states that no person shall be deprived of life, liberty, or property without due process of law. The Fourteenth Amendment extends these protections to actions by state governments.

23. The Due Process Clause of the Fourteenth Amendment states: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

24. Plaintiff has been denied due process under the Fifth and Fourteenth Amendments, as he has not been provided with adequate notice or the opportunity to be heard in the eviction proceedings.

25. Alabama Code Section 35-9A-421 requires that a tenant be given proper written notice of termination and the opportunity to remedy any default before an eviction action can be filed. The eviction notice received by Plaintiff did not include the correct amount owed, which is a violation of Alabama law.

26. The denial of Plaintiff's request to view the ledger and records, the failure to provide clear explanations for denying Plaintiff's motions, and the issuance of the eviction notice without proper notice of the amount owed, all constitute violations of Plaintiff's due process rights.

Count III: Violation of Fourth Amendment Rights

27. Plaintiff incorporates by reference paragraphs 1 through 15.

28. The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures. It states, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

29. Plaintiff believes that the sheriff's final eviction notice constitutes a warrant, which

would hold even a higher bar and violates his rights under the Fourth Amendment.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A.  Declare that Defendant has violated Plaintiff's rights under the Americans with

Disabilities Act, the Fifth and Fourteenth Amendments to the United States Constitution,

and the Fourth Amendment;

B.  Issue an injunction enjoining the Defendant from proceeding with the eviction until

Plaintiff has been provided access to the ledger and records to determine the amount

owed and the validity of the eviction notice;

C.  Issue an injunction requiring the Defendant to provide reasonable accommodations for

Plaintiff's disability in accordance with the ADA;

D.  Award Plaintiff compensatory damages for the harm suffered as a result of Defendant's

actions;

E.  Award Plaintiff reasonable attorneys' fees and costs; and

F.  Grant any other relief that the Court deems just and proper.


Dated this 3rd Day of April 2023.

Respectfully submitted,

/s/ Adam Taylor
Adam Taylor
2401 Colony Park Dr
Birmingham, AL 35243
205.771.3402
ataylor.it@outlook.com
Plaintiff, Pro Se

# Exhibits A – 0

Exhibit A – Ledger Calculation

Exhibit B – Demand Letter 07/07/22

Exhibit C – Demand Letter 08/07/22

Exhibit D – Demand Letter 11/06/22

Exhibit E – Court Paid-in-Full Email – 09/08/22

Exhibit F – Previous Dismissal Order – 09/08/22

Exhibit G – Ledger on 05/26/22

Exhibit H – Order – Default Judgement – 2/23/23

Exhibit I – Motion to Set Aside Default Judgment, Compel Production Of Documents, Schedule New Hearing, And Request For Reasonable Accommodation Under Ada – 3/2/23

Exhibit J – Order – 3/2/23

Exhibit K – Motion For Clarification – 3/17/22

Exhibit L – Order – 3/28/23

Exhibit M – Money Order Payments

Exhibit N – Front of Lease

Exhibit O – Sheriff Eviction Notice

**Exhibit A – Ledger Calculation**

**Exhibit A – Ledger Calculation**

| | | |
|---|---|---|
| 5/26/22 | ($4,650.00) | Ledger |
| | | |
| | ($4,650.00) | Previous |
| 6/5/22 | ($1,300.00) | Rent |
| | ($5,950.00) | Balance |
| | | |
| | ($5,950.00) | Previous |
| 7/5/22 | ($1,300.00) | Rent |
| | ($7,250.00) | Balance |
| | | |
| | ($7,250.00) | Previous |
| 7/7/22 | $8,400.10 | Demand |
| | $1,150.10 | Difference |
| | | |
| | ($7,250.00) | Previous |
| 8/5/22 | ($1,300.00) | Rent |
| | ($8,550.00) | Balance |
| | | |
| | ($8,550.00) | Previous |
| 8/7/22 | $9,975.19 | Demand |
| | $1,425.19 | Difference |
| | | |
| 9/8/22 | $0.00 | Paid In Full |
| 9/9/22 | $1,076.61 | Money Order |
| | $1,076.61 | Balance |
| | | |
| | $1,076.61 | Previous |
| 10/5/22 | ($1,300.00) | Rent |
| 10/7/22 | $1,195.37 | Paid |
| | $971.98 | Balance |
| | | |
| | $971.98 | Previous |
| 11/5/22 | ($1,300.00) | Rent |
| 11/7/22 | ($328.02) | Balance |
| | $1,589.92 | Notice Amount |
| | | |
| | ($328.02) | Balance at Time |
| | $1,261.90 | Notice Over By |

**Exhibit B – Demand Letter 07/07/22**

**Exhibit B – Demand Letter 07/07/22**



**Colony Woods**
**2000 Colony Park Drive**
**Birmingham. AL 35243**

7/7/2022

Adam Taylor
2401 Colony Park Drive

Birmingham, AL 35243

Dear Adam Taylor, and all occupants.

Please be advised that as of the date of this letter. 7/7/2022
we have not received the full amount due for rent pursuant to your lease agreement (the "Lease").
Accordingly. you are in default of your Lease.

This letter serves as our demand and formal written notice to you that you must pay the full
amount of your past due rent charges in the amount of **$ 8,400.10**. Pursuant to your contractual
lease agreement, and in compliance with state law. if on or before the due date. we do not receive
payment in full in the amount of **$ 8,400.10** or if you do not vacate and surrender the premises to
us by such date. we will begin the eviction process 7 business days after the 6th of the month.

We will not accept partial payment of the above amount. **Payment must be made in full and by
cashier's check or money order only. Personal checks, cash and online payments will not be
accepted.**

Sincerely.

**Colony Woods Management**

**Exhibit C – Demand Letter 08/07/22**

**Exhibit C – Demand Letter 08/07/22**



**Colony Woods**
**2000 Colony Park Drive**
**Birmingham, AL 35243**

8/6/2022

Adam Taylor
2401 Colony Park Drive

Birmingham, AL 35243

Dear Adam Taylor, and all occupants,

        Please be advised that as of the date of this letter, 8/6/2022 we have not received the full amount due for rent pursuant to your lease agreement (the "Lease"). Accordingly, you are in default of your Lease.

This letter serves as our demand and formal written notice to you that you must pay the full amount of your past due rent charges in the amount of **$ 9,975.19**. Pursuant to your contractual lease agreement, and in compliance with state law, if on or before the due date, we do not receive payment in full in the amount of **$ 9,975.19** or if you do not vacate and surrender the premises to us by such date, we will begin the eviction process 7 business days after the 6th of the month.

We will not accept partial payment of the above amount. **Payment must be made in full and by cashier's check or money order only. Personal checks, cash and online payments will not be accepted.**

Sincerely,

**Colony Woods Management**

Exhibit D – Demand Letter 11/06/22

**Exhibit D – Demand Letter 11/06/22**



**ARCAN**
P R O P E R T I E S

**Colony Woods**
**2000 Colony Park Drive**
**Birmingham, Al 35243**

11/06/2022

<u>**Mr. or Mrs. Taylor**</u>
<u>**2401 Colony Park Drive**</u>
<u>**Birmingham, Al 35243**</u>

Dear Mr. or Mrs. Taylor, and all occupants,

Please be advised that as of the date of this letter, 11/07/2022 we have not received the full amount due for rent pursuant to your lease agreement (the "Lease"). Accordingly, you are in default of your Lease.

**This letter serves as our demand and formal written notice to you that you must pay the full amount of your past due rent charges in the amount of <u>$1589.92</u>** Pursuant to your contractual lease agreement, and in compliance with state law, if on or before the due date, we do not receive payment in full in the amount of <u>**$1589.92**</u> or if you do not vacate and surrender the premises to us by such date, we will begin the eviction process 7 business days after the rent late date (6th of the month).

We will not accept partial payment of the above amount. **Payment must be made in full and by cashier's check or money order only. Personal checks, cash and online payments will not be accepted.**

Sincerely,

**Colony Woods Management**

Exhibit E – Court Paid-in-Full Email – 09/08/22

## Exhibit E – Court Paid-in-Full Email – 09/08/22

4/3/23, 2:59 AM                      Gmail - FREG COLONY WOODS ASSOCIATES, LLP DBA ARCAN COLONY V. ADAM TAYLOR, DV-2022-903532

 Gmail                                              Adam Taylor <ataylor.it@gmail.com>

### FREG COLONY WOODS ASSOCIATES, LLP DBA ARCAN COLONY V. ADAM TAYLOR, DV-2022-903532
1 message

**Martha Cook** <martha.cook@alacourt.gov>                           Thu, Sep 8, 2022 at 11:18 AM
To: "JENNIFER@JENNIFERMCCOYLAW.COM" <JENNIFER@jennifermccoylaw.com>
Cc: "ATAYLOR.IT@GMAIL.COM" <ATAYLOR.IT@gmail.com>, Karon Huguley I <karon.huguley1@alacourt.gov>


Ms. McCoy:


Good morning.


My office received a call this morning from the Birmingham Urban League. It confirmed it mailed a check
to your client, Colony Woods (Contact person: Mr. Studdard at 205-969-0060), on Friday, September 2,
2022, for the full amount owed by Mr. Taylor, who is copied on this email. *Please confirm receipt and
acceptance of the funds by your client.* If received and accepted, I can remove the trial from my docket for
this afternoon at 1:30 p.m.


Thank you.


Martha Reeves Cook

District Court Judge

Jefferson County Courthouse

716 Richard Arrington Blvd

Room 570

Birmingham, AL 35203

martha.cook@alacourt.gov

Phone: 205-325-5336


Judicial Assistant:

Karon Huguley

karon.huguley1@alacourt.gov

**Exhibit F – Previous Dismissal Order – 09/08/22**

**Exhibit F – Previous Dismissal Order – 09/08/22**

DOCUMENT 15

ELECTRONICALLY FILED
9/8/2022 5:25 PM
01-DV-2022-903532.00
DISTRICT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA
## BIRMINGHAM DIVISION

FREG COLONY WOODS ASSOCIATES,  )
LLP DBA ARCAN COLONY,           )
Plaintiff,                      )
                                )
V.                              )  Case No.:   DV-2022-903532.00
                                )
TAYLOR ADAM,                    )
Defendant.                      )

### DISMISSAL ORDER

This case came before the Court on this date for the trial of the possession count of Plaintiff's complaint. Defendant appeared. Plaintiff's counsel failed to appear.[1]

The Court DISMISSES this case, without prejudice. Court costs are taxed as paid.

**DONE this 8th day of September, 2022.**

/s/ MARTHA REEVES COOK
**DISTRICT JUDGE**

cc: Birmingham Urban League

**Exhibit G – Ledger on 05/26/22**

**Exhibit G – Ledger on 05/26/22**

5/14/22, 1:17 PM                                                                OneSite

## Colony Woods
### Taylor, Adam (Unit 2401)
Resident ledger - as of Property date: 05/14/2022

| Unit | Date | Period | Ctrl# | Code | Description | Doc# | Charges | Credits | Balance |
|------|------|--------|-------|------|-------------|------|---------|---------|---------|
| 2401 | 05/26/2022 | 052022 | | RENT | Rent | | $258.77 | | $4650.83 |
| 2401 | 05/26/2022 | 052022 | | MTOM | Month To Month Charges | | $19.35 | | $4392.06 |
| 2401 | 05/26/2022 | 052022 | | TRASH | Trash Collection | | $4.84 | | $4372.71 |
| 2401 | 05/26/2022 | 052022 | | PEST | Pest Control | | $0.39 | | $4367.87 |
| 2401 | 05/06/2022 | 052022 | | LATEFEE | Late Charges | | $100.00 | | $4367.48 |
| 2401 | 05/01/2022 | 052022 | | RENT | Rent | | $978.23 | | $4267.48 |
| 2401 | 05/01/2022 | 052022 | | TRASH | Trash Collection | | $20.16 | | $3289.25 |
| 2401 | 05/01/2022 | 052022 | | PEST | Pest Control | | $1.61 | | $3269.09 |
| 2401 | 05/01/2022 | 052022 | | WATER | Water for 2/17/2022 - 3/21/2022 | 0 | $166.74 | | $3267.48 |
| 2401 | 05/01/2022 | 052022 | | UTILBILLING | BillingFee for 2/17/2022 - 3/21/2022 | 0 | $6.00 | | $3100.74 |
| 2401 | 04/30/2022 | 052022 | | RENTERSINSUR | Renters Insurance Lease Violation Fee | | $35.00 | | $3094.74 |
| 2401 | 04/06/2022 | 042022 | | LATEFEE | Late Charges | | $100.00 | | $3059.74 |
| 2401 | 04/01/2022 | 042022 | | RENT | Rent | | $1213.00 | | $2959.74 |
| 2401 | 04/01/2022 | 042022 | | TRASH | Trash Collection | | $25.00 | | $1746.74 |
| 2401 | 04/01/2022 | 042022 | | PEST | Pest Control | | $2.00 | | $1721.74 |
| 2401 | 04/01/2022 | 042022 | | WATER | Water for 1/17/2022 - 2/17/2022 | 0 | $174.87 | | $1719.74 |
| 2401 | 04/01/2022 | 042022 | | UTILBILLING | BillingFee for 1/17/2022 - 2/17/2022 | 0 | $6.00 | | $1544.87 |
| 2401 | 03/31/2022 | 042022 | | RENTERSINSUR | Renters Insurance Lease Violation Fee | | $35.00 | | $1538.87 |
| 2401 | 03/06/2022 | 032022 | | LATEFEE | Late Charges | | $100.00 | | $1503.87 |
| 2401 | 03/01/2022 | 032022 | | RENT | Rent | | $1213.00 | | $1403.87 |
| 2401 | 03/01/2022 | 032022 | | TRASH | Trash Collection | | $25.00 | | $190.87 |

**Exhibit H – Order – Default Judgement – 2/23/23**

**Exhibit H – Order – Default Judgement – 2/23/23**

DOCUMENT 13

ELECTRONICALLY FILED
2/23/2023 11:47 AM
01-DV-2022-908297.00
DISTRICT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

## IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

| | | |
|---|---|---|
| FREG COLONY WOODS ASSOCIATES, LLP DBA ARCAN COLONY, Plaintiff, | ) ) ) ) | |
| V. | ) ) | Case No.:   DV-2022-908297.00 |
| TAYLOR ADAM, Defendant. | ) ) ) | |

### ORDER

This case came before the Court for the trial of the eviction count of the complaint on this date. Defendant(s) failed to appear. Plaintiff is entitled to possession as claimed in the complaint. Judgment on trial is hereby entered in favor of Plaintiff and against Defendant(s) on the eviction. The Court hereby orders and adjudges that the following property as described in the complaint be restored to Plaintiff:

2401 Colony Park Drive
Birmingham, AL 35243

Rent is ascertained to be $1,213.00 per month due on the 1st of the month. Rent in the amount of $2,426.00 has accrued since date of filing to date. Pursuant to Rule 54(b) and in order to make this a final order, the Court specifically finds that there is no just reason for delay and specifically directs the immediate entry of judgment as to Defendant(s) for property sued for and costs of Court with leave to prove damages against Defendant(s) on the money claim.

The parties are hereby directed to notify the Clerk of this Court in writing as to any change in their mailing address for issue of future Orders rendered herein. **Further, the Defendant is hereby directed to leave the premises "broom clean" and return to Plaintiff all keys to the premises at issue.** In turn, the Plaintiff is hereby directed to give Defendant a receipt for said keys. <u>**EVICTION MAY ISSUE AT THE EXPIRATION OF SEVEN CALENDAR DAYS FROM THE DATE OF THIS ORDER.**</u>

**DONE this 23rd day of February, 2023.**

/s/ SHERA C. GRANT
**DISTRICT JUDGE**

Exhibit I – MOTION TO SET ASIDE DEFAULT JUDGMENT, COMPEL PRODUCTION OF
DOCUMENTS, SCHEDULE NEW HEARING, AND REQUEST FOR REASONABLE
ACCOMMODATION UNDER ADA – 3/2/23

**Exhibit I – MOTION TO SET ASIDE DEFAULT JUDGMENT, COMPEL PRODUCTION OF DOCUMENTS, SCHEDULE NEW HEARING, AND REQUEST FOR REASONABLE ACCOMMODATION UNDER ADA – 3/2/23**

DOCUMENT 16

ELECTRONICALLY FILED
3/2/2023 1:01 AM
01-DV-2022-908297.00
DISTRICT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

Adam Taylor (Pro Se)
2401 Colony Park Drive
Birmingham, AL 35243
205.771.3402
ataylor.it@gmail.com

IN THE DISTRICT COURT FOR JEFFERSON COUNTY, ALABAMA

| | |
|---|---|
| FREG COLONY WOODS ASSOCIATES, | |
| LLP DBA ARCAN COLONY, | |
| Plaintiff, | Case No.: DV-2022-908297.0 |
| vs | |
| ADAM TAYLOR, | |
| Defendant | |

**MOTION TO SET ASIDE DEFAULT JUDGMENT, COMPEL PRODUCTION OF DOCUMENTS, SCHEDULE NEW HEARING, AND REQUEST FOR REASONABLE ACCOMMODATION UNDER ADA**

Pro se Defendant, ADAM TAYLOR, respectfully requests that this Honorable Court set aside the default judgment entered against Defendant on 02/23/2023, compel Plaintiff to produce the ledger and any other relevant documents, and schedule a new hearing to accommodate Defendant's medical emergency based on the Americans with Disabilities Act (ADA).

STATEMENT OF FACTS

Defendant received a notice of eviction from Plaintiff alleging one month's rent in arrears. However, the notice did not include the correct amount owed, as required by Alabama law, and therefore, the eviction action is unlawful. Alabama Code Section 35-9A-421 requires that a tenant be given proper written notice of termination and the opportunity to remedy any default before an eviction action can be filed.

Defendant requested a copy of the ledger to determine the amount owed, but despite multiple requests, Defendant has not received the ledger to date. Defendant spoke with Austin, the assistant property manager, who stated that the ledger was not available.

Defendant received rental assistance from the Birmingham Urban League to cover the rental arrears, which was intended to be credited to Defendant's account. The amount paid and credited should have been the amount in arrears plus 3 months. However, Plaintiff asked Defendant to pay an additional month's rent shortly after the payment was made. Defendant is unsure whether the assistance was properly applied, and requests any documents related to the rental assistance and how it was credited to Defendant's account.

On the day of the court appearance, Defendant was unable to attend due to a medical emergency and informed the court clerk's office of the circumstances. Defendant also made efforts to obtain legal representation but has been unsuccessful to date. Concurrently, Defendant respectfully requests minimal time to obtain legal representation, only in case the court were to schedule a new hearing for next week.

ARGUMENT

The eviction action is unlawful because Plaintiff failed to provide proper notice to Defendant as required by Alabama law. The court must set aside the default judgment and schedule a new hearing to afford Defendant the opportunity to present a defense.

Defendant requires a copy of the ledger to effectively present a defense in this matter. Plaintiff should be compelled to produce the ledger to ensure a fair and just outcome.

Defendant also requests any documents related to Defendant's rental agreement that Plaintiff is required to produce under Alabama law, including the lease agreement and any documents related to the rental assistance received from the Birmingham Urban League.

Under Title II of the ADA, courts have a responsibility to ensure that individuals with disabilities have equal access to court proceedings. By setting aside the default judgment and scheduling a new hearing, the court has engaged in an interactive process with Defendant to determine what accommodations may be necessary and reasonable under the ADA.

CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Honorable Court:

1. Set aside the default judgment entered against Defendant on 02/23/2023;

2. Compel Plaintiff to produce the ledger and any other relevant documents related to Defendant's rental agreement, including any documents related to the rental assistance received from the Birmingham Urban League;

3. Schedule a new hearing to afford Defendant the opportunity to present a defense; and

4. Accommodate Defendant's medical emergency by scheduling the new hearing after Defendant has had reasonable time to obtain legal representation.

Defendant asserts that the eviction action was unlawful due to Plaintiff's failure to provide proper notice and failure to provide Defendant with a copy of the ledger. Therefore, the court must rule in Defendant's favor.

Defendant assures the court that the allegations made in this motion are not intended to prejudice, embarrass, or delay the fair trial of the proceedings.

Respectfully submitted,

Adam Taylor, Pro se Defendant

Dated this 2nd Day of March 2023.        _____

Adam Taylor

Exhibit J – Order – 3/2/23

**Exhibit J – Order – 3/2/23**

DOCUMENT 18



ELECTRONICALLY FILED
3/2/2023 9:26 AM
01-DV-2022-908297.00
DISTRICT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

### IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA
### BIRMINGHAM DIVISION

FREG COLONY WOODS ASSOCIATES,
LLP DBA ARCAN COLONY,
Plaintiff,

V.

TAYLOR ADAM,
Defendant.

Case No.:   DV-2022-908297.00

### ORDER

MOTION TO SET ASIDE DEFAULT JUDGMENT, COMPEL PRODUCTION OF DOCUMENTS, ADA REQUEST IN DV-2022-908297. filed by TAYLOR ADAM is hereby DENIED.

<u>The Court Clerk is ordered to mail a copy of this Order to the Defendant.</u>

**DONE this 2nd day of March, 2023.**

/s/ **SHERA C. GRANT**
**DISTRICT JUDGE**

**Exhibit K – Motion For Clarification – 3/17/22**

## Exhibit K – Motion For Clarification – 3/17/22

DOCUMENT 25

ELECTRONICALLY FILED
3/17/2023 1:12 PM
01-DV-2022-908297.00
DISTRICT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

Adam Taylor (Pro Se)
2401 Colony Park Drive
Birmingham, AL 35243
205.771.3402
ataylor.it@gmail.com

### IN THE DISTRICT COURT FOR JEFFERSON COUNTY, ALABAMA

FREG COLONY WOODS ASSOCIATES,

LLP DBA ARCAN COLONY,

        Plaintiff,

vs.

ADAM TAYLOR,

        Defendant

Case No.: DV-2022-908297.0

---

### MOTION FOR CLARIFICATION

Pursuant to Rule 7(b)(1) of the Alabama Rules of Civil Procedure, Defendant, Adam Taylor, acting pro se, respectfully

requests that this Honorable Court provide clarification regarding the denial of the Motion to Set Aside Default Judgment,

Compel Production of Documents, Schedule New Hearing, and Request for Reasonable Accommodation, filed on

03/02/2023. Defendant seeks clarification on the specific reasons for the denial to better understand the Court's decision

and to ensure compliance with the Court's orders.

    1.   Background:

On 02/23/2023, a default judgment was entered against Defendant, Adam Taylor, in an eviction action initiated by Plaintiff,

Freg Colony Woods Associates, LLP DBA Arcan Colony. Defendant filed a Motion to Set Aside Default Judgment, Compel

Production of Documents, Schedule New Hearing, and Request for Reasonable Accommodation on the 2nd Day of March

2023. In the motion, Defendant asserted that the eviction action was unlawful due to Plaintiff's failure to provide proper

notice and failure to provide Defendant with a copy of the ledger. Defendant also mentioned a medical emergency, seeking

a new hearing date to accommodate their situation.

    2.   Reason for Clarification:

The Court denied the Defendant's motion without providing a clear explanation or reasoning for the denial, pursuant to

Rule 52(a) of the Alabama Rules of Civil Procedure. The lack of clarity in the Court's decision has left the Defendant unsure

about the basis for the denial and unable to determine the appropriate next steps to protect their rights.

    3.   Request for Clarification:

Defendant respectfully requests that the Court provide clarification on the following points:

a. The specific reasons for denying the Motion to Set Aside Default Judgment, including any procedural or substantive

issues that the Court considered in reaching its decision, as governed by Rule 55(c) of the Alabama Rules of Civil Procedure.

DOCUMENT 25

b. The specific reasons for not addressing or considering the Defendant's request for a new hearing date based on their medical emergency, and whether the Court requires any additional information or documentation to assess the Defendant's request.

c. Any guidance or recommendations the Court may have for the Defendant to address the concerns raised in the denied motion and to ensure compliance with the Court's orders, as well as compliance with applicable provisions of the Alabama Rules of Civil Procedure.

In the event that the Defendant's medical emergency may require consideration under the Americans with Disabilities Act (ADA), Defendant requests clarification on whether the Court engaged in an interactive process to determine if reasonable accommodations could be provided, or if any further information is needed from the Defendant to evaluate potential accommodations.

By seeking clarification, Defendant hopes to better understand the Court's decision and to ensure that their rights are protected, as well as to comply with the Alabama Rules of Civil Procedure. Defendant asserts that the Court's explanation and clarification are necessary to protect their due process rights and ensure compliance with the ADA.

Respectfully submitted,

Adam Taylor, Pro se Defendant

Dated this 17th Day of March 2023.

_____
Adam Taylor

**Exhibit L – Order – 3/28/23**

**Exhibit L – Order – 3/28/23**

DOCUMENT 27



ELECTRONICALLY FILED
3/28/2023 12:01 AM
01-DV-2022-908297.00
DISTRICT COURT OF
JEFFERSON COUNTY, ALABAMA
JACQUELINE ANDERSON SMITH, CLERK

**IN THE DISTRICT COURT OF JEFFERSON COUNTY, ALABAMA**
**BIRMINGHAM DIVISION**

FREG COLONY WOODS ASSOCIATES,    )
LLP DBA ARCAN COLONY,            )
Plaintiff,                       )
                                 )
V.                               )   Case No.:    DV-2022-908297.00
                                 )
TAYLOR ADAM,                     )
Defendant.                       )

**ORDER**

This Court is in receipt of <u>Defendant's Motion for Clarification</u>.  This Court previously denied <u>Defendant's Motion to Set Aside Judgment</u> for the following reasons:

1.    Defendant filed an answer to the complaint on December 15, 2022.

2.    This case was set for trial on January 31, 2023 at 1:30pm.

3.    On January 31, 2023, defendant appeared late after the first and second call of the trial docket.  Instead of entering a judgment at that time, this Court reset the trial on defendant's behalf on February 23, 2023 at 10:00am.  Further, this Court had a detailed conversation from the bench regarding the new trial date and the importance of appearing on time on the new trial date.  Defendant was also given information on legal representation such as Legal Services of Alabama and the Birmingham Volunteer Lawyers Program.

4.    Defendant failed to appear for trial on February 23, 2023.  As a result, a possession judgment was entered.

5.    This Court will not set aside the possession judgment for the reasons stated above.

A copy of this Order shall be mailed to the Defendant.

**DONE this 27th day of March, 2023.**

                                        /s/ **SHERA C. GRANT**
                                        **DISTRICT JUDGE**

**Exhibit M – Money Order Payments**

**Exhibit M – Money Order Payments**



**Exhibit N – Front of Lease**

# Exhibit N – Front of Lease



**APARTMENT LEASE CONTRACT**

Date of Lease Contract: _____ **March 17, 2021** _____
*(when the Lease Contract is filled out)*

*This is a binding document. Read carefully before signing.*

## Moving In — General Information

**1. PARTIES.** This Lease Contract (sometimes referred to as the "lease") is between *you*, the resident(s) *(list all people signing the Lease Contract)*:

**Adam Taylor**

_____

_____

_____

_____

_____

_____

and us, the owner: **FREG Colony Woods Associates, LLP**

_____

*(name of apartment community or title holder).* The person or management company authorized to act on our behalf is _____
**Stonemark Management LLC**
You've agreed to rent Apartment No. _____ **2401** _____
at **2401 Colony Park Drive**
_____
_____
*(street address)* in
_____ **Birmingham** _____
*(city)*, Alabama, _____ **35243** _____ *(zip code)* (the "apartment" or the "premises") for use as a private residence only. The terms "you" and "your" refer to all residents listed above and any minor children, dependents, invitees, and/or guests. The terms "we," "us," and "our" refer to the owner listed above (or any of owner's successors' in interest or assigns). Written notice to or from our managers, delivered by hand or US mail with adequate prepaid postage to any person entitled to occupy the apartment under the Lease Contract, constitutes notice to or from us. If anyone else has guaranteed performance of this Lease Contract, a separate Lease Contract Guaranty for each guarantor is attached.

**2. OCCUPANTS.** The apartment will be occupied only by you and *(list all other occupants not signing the Lease Contract)*:

_____

_____

_____

_____

_____

_____

_____

No one else may occupy the apartment. Persons not listed above must not stay in the apartment for more than _____ **7** _____ consecutive days without our prior written consent, and no more than twice that many days in any one month. *If the previous space isn't filled in, two days per month is the limit.*

**3. LEASE TERM.** The initial term of the Lease Contract begins on the _____ **19th** _____ day of _____ **March** _____
_____ **2021** _____, and ends at 11:59 p.m. the _____ **25th** _____
day of _____ **May** _____ _____ **2022** _____.

**Renewal.** This Lease Contract will automatically renew month-to-month (not to exceed five (5) years) unless either party gives at least _____ **60** _____ days written notice of termination or intent to move-out as required by paragraph 45 (Move-Out Notice). If the number of days isn't filled in, at least 30 days notice is required.

**4. SECURITY DEPOSIT.** Unless modified by addenda, the total security deposit at the time of execution of this Lease Contract for all residents in the apartment is $ _____ **0.00** _____ due on or

In accordance with Alabama Real Estate Commission Rule 790-X-3.03 Lessor or agent for Lessor shall not maintain security or damage deposits in a separate account and shall hold said deposits for Resident in accordance with this Lease.

**5. KEYS.** You will be provided _____ **2** _____ apartment key(s), _____ **2** _____ mailbox key(s), _____ FOB(s), and/or _____ other access device(s) for access to the building and amenities at no additional cost at move-in. If the key, FOB, or other access device is lost or becomes damaged during your tenancy or is not returned or is returned damaged when you move out, you will be responsible for the costs for the replacement and/or repair of the same.

**6. RENT AND CHARGES.** Unless modified by addenda, you will pay $ _____ **1213.00** _____ per month for rent, payable in advance and without demand:

☒ at the on-site manager's office, or

☒ at our online payment site, or

☐ at _____
_____
_____

Prorated rent of $ _____ **508.68** _____ is due for the remainder of *[check one]:* ☒ 1st month or ☐ 2nd month, on _____

You may not withhold payment of rent to us while in possession in order to enforce any of your rights under the Alabama Uniform Residential Landlord/Tenant Act.

Otherwise, you must pay your rent on or before the 1st day of each month (due date) with no grace period. Cash is unacceptable without our prior written permission. **You must not withhold or offset rent (Section 35-9A-164 Code of Alabama).** We may, at our option, require at any time that you pay all rent and other sums in cash, certified or cashier's check, money order, or one monthly check rather than multiple checks. At our discretion, we may convert any and all checks via the Automated Clearing House (ACH) system for the purposes of collecting payment. Rent is not considered accepted, if the payment/ACH is rejected, does not clear, or is stopped for any reason. If you don't pay all rent on or before the _____ **5th** _____ day of the month, you'll pay a late charge. Your late charge will be *(check one):* ☐ a flat rate of $ _____ **100.00** _____ or ☐ _____ % of your total monthly rent payment. You'll also pay a charge of $ _____ **50.00** _____ for each returned check or rejected electronic payment, plus a late charge. If you don't pay rent on time, you'll be delinquent and all remedies under this Lease Contract will be authorized. We'll also have all other remedies for such violation. All money obligations to be paid under this lease shall be considered rent. All payment obligations under this Lease Contract shall constitute rent under this Lease Contract.

**7. UTILITIES.** We'll pay for the following items, if checked:

☐ water ☐ gas ☐ electricity ☐ master antenna
☐ wastewater ☐ trash ☐ cable tv
☐ other _____

You'll pay for all other utilities, related deposits, and any charges, fees, or services on such utilities. You must not allow utilities to be disconnected—including disconnection for not paying your bills—until the lease term or renewal period ends. Cable channels that are provided may be changed during the Lease Contract term if the change applies to all residents. Utilities may be used only for normal household purposes and must not be wasted. If your electricity is ever interrupted, you must use only battery-powered lighting. If any utilities are submetered for the apartment, or prorated by an allocation formula, we will attach an addendum to this Lease Contract.

**8. INSURANCE.** We do not maintain insurance to cover your personal property or personal injury.

In addition, we urge all residents, and particularly those residing in coastal areas, areas near rivers, and areas prone to flooding, to obtain flood insurance. Renter's insurance may not cover damage to your property due to flooding. A flood insurance resource which

Exhibit O – Sheriff Eviction Notice

**Exhibit O – Sheriff Eviction Notice**

**EVICTION NOTICE**

Jefferson County Sheriff's Office
Civil Division/Evictions
2200 Rev. Abraham Woods Jr. Blvd., Birmingham, Alabama 35203

**OCCUPANTS: ADAM TAYLOR**

This is a Final Notice that the property located at: 2401 COLONY PARK DRIVE BIRMINGHAM, AL 35243  is subject to a Court Ordered Eviction. This is your only notice and you are *encouraged* to voluntarily vacate the property. **Otherwise, when the Deputies return you will be evicted**. For additional information contact your attorney or the Courts using the case number referenced below.

Court Case Reference: DV-2022-908297
Campbell Deputy